**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ENRIQUE CARRANZA,

        Petitioner,

v.                                     Case No. 3:23-cv-689-TJC-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

        Respondent.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Enrique Carranza, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. He challenges a 2023 state court (Duval County, Florida) judgment of conviction for failure to comply with sexual offender registration requirements. Id. at 1. In the Petition, Petitioner raises three claims for relief. In Grounds One and Two he raises claims of ineffective assistance of trial counsel, and in Ground Three he appears to argue he was misadvised about the maximum sentence he was facing when he rejected the state's three-year plea offer. See generally id.

A review of Petitioner's state court docket reveals that on April 19, 2023, Petitioner entered a negotiated plea of guilty to failure to comply with sex offender requirements. See State v. Carranza, No. 2022-CF-4580 (Fla. 4th Cir.

Ct.). That same day, the trial court sentenced Petitioner, in accordance with his negotiated disposition, to a 43.05-month term of incarceration. Id. Petitioner did not seek a direct appeal, and he has filed no state court postconviction motions.

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must present every issue raised in his federal petition to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by filing a motion under Florida Rule of Criminal Procedure 3.850, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979). Or, in the case of a challenge to a sentence, by filing a motion under Florida Rule of Criminal Procedure 3.800, and an appeal from its denial. Caraballo v. State, 805 So. 2d 882 (Fla. 2d DCA 2001).

Upon review of the Petition and Petitioner's state court docket, it is clear that Petitioner is trying to bypass his state court remedies. Petitioner did not seek a direct appeal and, as of the date of this Order, Petitioner has not filed a motion for postconviction relief in state court. See Carranza, No. 2022-CF-4580. Although Petitioner briefly asserts his trial counsel failed to raise these three

2

claims at the state level, this exception to the exhaustion requirement is inapplicable right now. See Doc. 1 at 6-9. Petitioner is still within Florida's two-year statute of limitations for filing a motion under Florida Rule of Criminal Procedure 3.850. See Fla. R. Crim. P. 3.850(b). As such, Petitioner has sufficient time to raise his claims in state court and then take an appeal from any adverse ruling.[1] Once his state postconviction proceedings are concluded, Petitioner may challenge his conviction through a federal petition under 28 U.S.C. § 2254. The Petition is, therefore, premature.

Petitioner is, however, advised that he must comply with the federal one-year statute of limitations when filing any future federal petition. See 28 U.S.C. § 2244(d)(1)-(2). Although he has sufficient time to return to this Court within the one-year limitations period after his state court remedies have been exhausted, he should do so expeditiously.[2]

---

[1] This Court is not expressing an opinion as to the success of any future Rule 3.850 claim or proceeding, and is only finding that there is sufficient time under state law to pursue such a motion, if he so chooses.

[2] This dismissal without prejudice does not excuse Petitioner from the one-year statute of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year time period is tolled during the time in which a properly filed application for state postconviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     This case is **DISMISSED without prejudice** to Petitioner filing

a federal petition after he has exhausted all state court remedies.

2.     The Clerk shall enter judgment dismissing this case without

prejudice and close the file.

3.     If Petitioner appeals the dismissal of the case, this Court denies a

certificate of appealability.[3] Because this Court has determined that a

certificate of appealability is not warranted, the Clerk shall terminate from the

pending motions report any motion to proceed on appeal as a pauper that may

be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of June,

2023.



TIMOTHY J. CORRIGAN
United States District Judge

---

[3] A certificate of appealability is appropriate when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation omitted) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) Upon full consideration, this Court denies a certificate of appealability.

Jax-7

c: Enrique Carranza, #A-31909